N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KINDA M. DAVENPORT                                                                    PLAINTIFF

vs.                                         Civil No. 2:13-cv-02013

CAROLYN COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kinda Davenport ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 10.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on April 12, 2010.  (Tr. 12, 116-128). Plaintiff alleges being disabled due to Hepatitis C, asthma, paranoid schizophrenia, degenerative disc disease, ADHD, broken pelvis, and herniated disc.  (Tr. 157).  Plaintiff alleges an onset date of January 24, 2009. (Tr. 158).  These applications were denied initially and again upon reconsideration. (Tr. 66-72, 77-80).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 82). An administrative hearing was held on August 23, 2011. (Tr. 28-61). At the administrative hearing, Plaintiff was present and was represented by attorney David Harp. *Id.* Plaintiff, Plaintiff's witness Robert Holcomb, and Vocational Expert ("VE") Montie Lumpkin, testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 48). Plaintiff also testified at this hearing she had obtained a GED. *Id.* On November 10, 2011, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 12-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2010. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 24, 2009, her alleged onset date. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had severe impairments including osteoarthritis of the sacroiliac (SI) joint and pelvis status post pelvic fracture, chronic low back pain, degenerative disc disease of the cervical spine, hepatitis C, asthma, schizoaffective disorder, and a history of narcotic abuse and dependence. (Tr. 14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except cannot climb,

kneel, crouch, or crawl; can only occasionally balance and stoop; and must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gasses, and poor ventilation. Further, Plaintiff is able to understand, remember, and carry out simple, rote, repetitive tasks involving few variables and little judgment in an environment where interpersonal contact is incidental to the tasks performed, and where instructions and supervision for tasks are simple, direct, and concrete. (Tr. 16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ determined Plaintiff was unable to perform her PRW of telephone solicitor, hand packer, and babysitter. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22-23, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a machine tender with approximately 2,607 such jobs in the region and 250,607 such jobs in the nation, and production and assembly worker with approximately 10,969 such jobs in the region and 571,519 such jobs in the nation *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since June 24, 2009. (Tr. 23, Finding 11).

On December 1, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On November 15, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-3). On January 15, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 6, 2013. ECF No. 10. Both Parties have filed appeal briefs. ECF Nos. 12, 15. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 12, Pgs. 10-16. Specifically, Plaintiff claims the ALJ erred (1) in failing to develop the record, (2) in his RFC determination, (3) in his Step 5 analysis. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15. Because this Court finds the ALJ erred in his RFC determination and by failing to fully evaluate Plaintiff's Global Assessment of Functioning ("GAF") scores, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from

0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff underwent a Mental Diagnostic Evaluation by Dr. Patricia Walz on July 21, 2010. (Tr. 391). As a part of that examination, Plaintiff was assessed as having a GAF score of 35-45. (Tr. 395). This GAF score represent "serious symptoms." Dr. Walz diagnosed Plaintiff with schizoaffective disorder. *Id.*

The ALJ failed to discuss or even mentioned Plaintiff's GAF score in his opinion. It was the

ALJ's responsibility to evaluate Plaintiff's GAF score and make a finding regarding its reliability as a part of the underlying administrative proceeding.  *See Conklin,* 360 F. App'x at 707.  Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with schizoaffective disorder.

Accordingly, because the ALJ was required to evaluate this score and provide a reason for discounting the low GAF score but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue.  *See Pates-Fires,* 564 F.3d at 944-45.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE